**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| SELLERBID, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>GROUPON, INC.; LIVINGSOCIAL, INC.;<br>and BUYWITHME, INC.<br><br>    Defendants. | CIVIL ACTION NO. 1:11-CV-768<br><br>(LMB / TRJ)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff SellerBid, Inc. ("SellerBid") files this First Amended Complaint against Groupon, Inc., LivingSocial, Inc., and BuyWithMe, Inc. (collectively referred to as "Defendants") for infringement of U.S. Patent No. 7,647,024 ("the '024 patent") and U.S. Patent No. 7,983,616 ("the '616 patent").

**THE PARTIES**

1.    SellerBid is a Virginia corporation with its principal place of business in this judicial district and in this division, at 1600 South Joyce Street, Arlington, Virginia 22202.

2.    Groupon, Inc. ("Groupon") is a Delaware corporation with its principal place of business in Chicago, Illinois. Groupon has answered.

3. LivingSocial, Inc. ("LivingSocial")[1] is a Delaware corporation with its principal place of business in Washington, DC. LivingSocial has answered.

4. BuyWithMe, Inc. ("BuyWithMe") is a Delaware corporation with its principal place of business in New York, New York. BuyWithMe has answered.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business in this judicial district.

7. Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Virginia Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to Virginia residents.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 7,647,024)

8. SellerBid incorporates paragraphs 1 through 7 herein by reference.

---

[1] LivingSocial, Inc. has been dismissed from the case (Doc. 54). SellerBid's original Complaint named Hungry Machine, Inc. d/b/a LivingSocial.com as a party Defendant. LivingSocial, Inc. answered in its place, averring that the company name was changed to LivingSocial, Inc. on July 27, 2011 (seven days after the original Complaint was filed).

9. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

10. SellerBid is the owner of the '024 patent, entitled "Method and System for Improving Client Server Transmission over Fading Channel with Wireless Location and Authentication Technology via Electromagnetic Radiation," with ownership of all substantial rights in the '024 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '024 patent is attached as Exhibit A.

11. The '024 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

12. Groupon is directly infringing one or more claims of the '024 patent in this judicial district and elsewhere in Virginia and the United States, including at least claim 1, by, among other things, making, using, offering for sale, and/or selling secure group transaction services that, among other things, correlate user location data with goods and services and provide a group benefit (*see*, *e.g.*, deals accessible through www.groupon.com and Groupon's mobile applications for smart phones and tablet devices). Groupon is liable for its direct infringements of the '024 patent pursuant to 35 U.S.C. § 271.

13. LivingSocial is directly infringing one or more claims of the '024 patent in this judicial district and elsewhere in Virginia and the United States, including at least claim 1, by, among other things, making, using, offering for sale, and/or selling secure group transaction services that, among other things, correlate user location data with goods and services and provide a group benefit (*see*, *e.g.*, deals accessible through www.livingsocial.com and, on information and belief, LivingSocial's mobile applications for smart phones and tablet devices). LivingSocial is liable for its direct infringements of the '024 patent pursuant to 35 U.S.C. § 271.

14. BuyWithMe is directly infringing one or more claims of the '024 patent in this judicial district and elsewhere in Virginia and the United States, including at least claim 1, by, among other things, making, using, offering for sale, and/or selling secure group transaction services that, among other things, correlate user location data with goods and services and provide a group benefit (*see*, *e.g.*, deals accessible through www.buywithme.com and, on information and belief, BuyWithMe's mobile applications for smart phones and tablet devices). BuyWithMe is liable for its direct infringements of the '024 patent pursuant to 35 U.S.C. § 271.

15. SellerBid has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to SellerBid in an amount that adequately compensates SellerBid for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **COUNT II**

(INFRINGEMENT OF U.S. PATENT NO. 7,983,616)

16. SellerBid incorporates paragraphs 1 through 7 herein by reference.

17. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

18. SellerBid is the owner of the '616 patent, entitled "Method and System for Improving Client Server Transmission over Fading Channel with Wireless Location and Authentication Technology via Electromagnetic Radiation," with ownership of all substantial rights in the '616 patent, including the right to exclude others and to enforce, sue, and recover damages for the past and future infringement. A true and correct copy of the '616 patent is attached as Exhibit B.

19. The '616 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

20. Groupon is directly infringing one or more claims of the '616 patent in this judicial district and elsewhere in Virginia and the United States, including at least claims 1-4, 10, 13-15, 18, 26-27, and 29-30, by, among other things, making, using, offering for sale, and/or selling secure group transaction services over a wireless communications channel that, among other things, correlate user location data with goods and services and provide a group benefit (*see*, *e.g*., deals accessible through www.groupon.com and Groupon's mobile applications for smart phones and tablet devices). Groupon is liable for its direct infringements of the '616 patent pursuant to 35 U.S.C. § 271.

21. LivingSocial is directly infringing one or more claims of the '616 patent in this judicial district and elsewhere in Virginia and the United States, including at least claims 1-4, 10, 13-15, 18, 26-27, and 29-30, by, among other things, making, using, offering for sale, and/or selling secure group transaction services over a wireless communications channel that, among other things, correlate user location data with goods and services and provide a group benefit (*see*, *e.g*., deals accessible through www.livingsocial.com and, on information and belief, LivingSocial's mobile applications for smart phones and tablet devices). LivingSocial is liable for its direct infringements of the '616 patent pursuant to 35 U.S.C. § 271.

22. BuyWithMe is directly infringing one or more claims of the '616 patent in this judicial district and elsewhere in Virginia and the United States, including at least claims 1-4, 10, 13-15, 18, 26, and 29-30, by, among other things, making, using, offering for sale, and/or selling secure group transaction services over a wireless communications channel that, among other things, correlate user location data with goods and services and provide a group benefit (*see*, *e.g*., deals accessible through www.buywithme.com and, on information and belief, BuyWithMe's mobile applications for smart phones and tablet devices). BuyWithMe is liable for its direct infringement of the '616 patent pursuant to 35 U.S.C. § 271.

23. SellerBid has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to SellerBid in an amount that adequately compensates SellerBid for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

SellerBid requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

SellerBid asks that the Court find in its favor and against Defendants, and that the Court grant SellerBid the following relief:

a. Judgment that one or more claims of the '024 and/or '616 patents have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants;

b. Judgment that Defendants account for and pay to SellerBid all damages and costs incurred by SellerBid because of Defendants' infringing activities and other conduct complained of herein;

c. Judgment that Defendants account for and pay to SellerBid a reasonable, on-going, post judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d. That SellerBid be granted pre-judgment and post judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

e. That SellerBid be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:  October 19, 2011**           Respectfully submitted,

/s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL:   (703) 549-5354
FAX:   (703) 549-2604
EMAIL: craig.reilly@ccreillylaw.com
*Counsel for Plaintiff SellerBid, Inc.*

*Of Counsel for Plaintiff SellerBid, Inc.:*

Edward R. Nelson, III (admitted *pro hac vice*)
enelson@nbclaw.net
Christie B. Lindsey (admitted *pro hac vice*)
clindsey@nbclaw.net
Thomas C. Cecil (admitted *pro hac vice*)
tcecil@nbclaw.net
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street
Suite 300
Fort Worth, Texas 76107
TEL:  (817) 377-9111
FAX:  (817) 377-3485

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of October 2011, a true and correct copy of the foregoing pleading or paper was served using the Court's CM/ECF system, with electronic notification of such filing upon counsel of record.

 /s/ Craig C. Reilly
Craig C. Reilly VSB # 20942
111 Oronoco Street
Alexandria, Virginia 22314
TEL:   (703) 549-5354
FAX:   (703) 549-2604
EMAIL: craig.reilly@ccreillylaw.com
*Counsel for Plaintiff SellerBid, Inc.*